UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT A. FISHER,

    Plaintiff,

    v.     CAUSE NO.: 3:20-CV-471-JD-MGG

WILLIAM HYATTE, et al.,

    Defendants.

OPINION AND ORDER

Robert A. Fisher, a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Fisher alleges that, on March 5, 2020, gang-affiliated inmates approached him in his cell and stabbed and punched him for refusing to make shanks for them. Two days later, an inmate affiliated with the same gang moved into Fisher's cell, and inmates jumped Fisher after he returned from showering. He explained his

safety concerns and sought assistance from Counselor Glove, who responded that he was too busy. On or around March 10, Fisher went to the medical unit for a scheduled appointment and explained his injuries to medical staff as well as Officer Johnson and Officer McCarty. When Fisher refused to return to his cell, the officers slammed him to the ground despite his injuries. Fisher submitted a request for protective custody, and correctional staff allowed Fisher to move to another housing unit. However, after a few days, Unit Team Manager Angle denied the request, which forced Fisher to return to the housing unit where he was attacked. For his claims, Fisher seeks money damages and injunctive relief.

Fisher asserts an Eighth Amendment failure to protect claim against the defendants. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Based on the allegations that Unit Team Manager Angle, Officer McCarty, Officer Johnson, and Counselor Glove knew that other inmates had attacked him and had threatened him with further attacks but refused to protect him, Fisher states a plausible Eighth Amendment claim against these defendants. However, the complaint does not suggest that Warden Hyatte was personally involved

in the allegations, so Fisher may not proceed against him on a claim for money damages.

Fisher further asserts an Eighth Amendment claim against Officer McCarty and Officer Johnson for slamming him to the ground in the medical unit. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Fisher states a plausible Eighth Amendment claim of excessive force against these defendants.

Fisher also asks for placement in a protective custody unit or another housing unit. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Consequently, Fisher may proceed on an injunctive relief claim for the protective measures to which he is entitled under the Eighth Amendment. Warden Hyatte in his official capacity is the proper defendant for this claim because he has both the authority and the responsibility to ensure that Fisher receives adequate protection. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Further, because

3

Fisher describes an ongoing and substantial risk of bodily harm, the court construes the complaint as containing a motion for preliminary injunction.

For these reasons, the court:

(1) GRANTS Robert A. Fisher leave to proceed on an Eighth Amendment claim for money damages against Unit Team Manager Angle, Officer McCarty, Officer Johnson, and Counselor Glove for failing to protect him against attacks from other inmates at the Miami Correctional Facility since March 2020;

(2) GRANTS Robert A. Fisher leave to proceed on an Eighth Amendment claim for money damages against Officer McCarty and Officer Johnson for using excessive force against him in the medical unit at the Miami Correctional Facility in March 2020;

(3) GRANTS Robert A. Fisher leave to proceed on an injunctive relief claim against Warden Hyatte in his official capacity to obtain the protective measures from other inmates to which he is entitled under the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Unit Team Manager Angle, Officer McCarty, Officer Johnson, and Counselor Glove at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Unit Team Manager Angle, Officer McCarty, Officer Johnson, and Counselor Glove respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Robert A. Fisher has been granted leave to proceed in this screening order; and

(7) ORDERS Warden Hyatte to file a response to the motion for a preliminary injunction by June 22, 2020.

SO ORDERED on June 12, 2020

                                                /s/JON E. DEGUILIO
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT