UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT A. FISHER,

    Plaintiff,

    v.     CAUSE NO. 3:20-CV-471-JD-MGG

WILLIAM HYATTE, et al.,

    Defendants.

OPINION AND ORDER

Robert A. Fisher, a prisoner without a lawyer, proceeds on an Eighth Amendment claim against Unit Team Manager Angle, Officer McCarty, Officer Johnson, and Counselor Glove for failing to protect him against attacks from other inmates at the Miami Correctional Facility since March 2020 and on a related claim for injunctive relief. He also proceeds on an Eighth Amendment claim against Officer McCarty and Officer Johnson for using excessive force against him in the medical unit at the Miami Correctional Facility in March 2020. The defendant filed a motion for summary judgment, arguing that Fisher did not exhaust his administrative remedies because he did not complete the grievance process with respect to his claims.

The defendant also provided Fisher with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 24. The notice informed Fisher of the importance of filing a response. It advised that, unless he disputed the facts presented by the defendant, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of

response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Nevertheless, Fisher did not file a response.

In a declaration, Shawna Morson, grievance specialist at the Miami Correctional Facility, attested that a grievance process is available to inmates and is explained to them at orientation. ECF 22-1 at 4. The grievance policy is also available to inmates at the law library. *Id.* This policy sets forth a four-step grievance process. ECF 22-2 at 8-13. First, an inmate must attempt to informally resolve a complaint, typically by speaking to the staff member most directly associated with the complaint. *Id.* If the inmate is unable to resolve the complaint informally, he may file a formal grievance with the grievance specialist. *Id.* Inmates must submit formal grievances within ten days of the incident at issue. *Id.* If an inmate is dissatisfied with the grievance specialist's determination on a formal grievance, he may file an appeal with the warden or his designee. *Id.* Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.*

According to the grievance records, on May 29, 2020, Fisher submitted a formal grievance stating that he had not received medical attention for his neck and back injuries caused by correctional staff in March. ECF 22-4 at 2. The grievance specialist returned the grievance and instructed Fisher to provide his bed location and specific dates within five business days. *Id.* at 1. Fisher did not submit a corrected grievance as instructed. ECF 22-1 at 5.

Fisher attached another formal grievance to his complaint, dated April 1, 2020. ECF 1-1 at 14. In that grievance, he stated that, during his time in N-101, correctional

2

staff slammed him on the ground, injuring his neck and collarbone and that he was wrongly disciplined for assaulting correctional staff. On April 28, the grievance specialist returned the grievance, finding that it was untimely as Fisher had not been in N housing unit since March 14 and directing him to the separate appeals process for disciplinary matters. *Id.* at 16.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the

3

claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The record demonstrates that Fisher had access to the grievance process and that he submitted two formal grievances. The first grievance was denied as untimely under the grievance policy. The grievance specialist returned the second grievance in an effort to obtain additional information, but Fisher did not resubmit a corrected grievance. In sum, the record shows that a grievance process was available to Fisher but that he did not complete it with respect to his claims against the defendants. Because Fisher did not exhaust his available administrative remedies, the motion for summary judgment is granted, and this case is dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 22);

(2) DISMISSES this case without prejudice; and

(3) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on December 21, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

4